JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The appeal is from the judgment, after trial without a jury, finding the appellant, Gary P. Andriot, guilty of driving a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and imposing sentence.
The first assignment of error is that the court erred in overruling the motions for acquittal, pursuant to Crim.R. 29, made at the conclusion of the prosecution's case-in-chief and renewed at the close of all the evidence. The second is that the finding of guilt is contrary to the manifest weight of the evidence.
On January 7, 1999, shortly after 6:00 p.m., an officer of the Springfield Township police department, Brian Uhl, responded to a call from a McDonald's restaurant reporting the condition of an unidentified motorist with an unknown illness. Officer Uhl saw Andriot seated behind the steering wheel of an automobile, the engine of which was running, in the drive-through lane of the restaurant. Andriot was slumped against the driver's side door, and Uhl first opened the passenger door to enable him to turn off the car's ignition system. The officer then went to the driver's side, pounded on the glass of the door for some ten seconds and was finally able to rouse Andriot, who appeared to be "obviously tired, sluggish, confused."
At the officer's request, Andriot stepped out of his vehicle. At that point, the officer detected a strong odor of alcohol and conducted a series of field tests to determine Andriot's sobriety. When Andriot failed the horizontal gaze nystagmus test, Uhl administered a walk-and-turn test, which Andriot failed both at the scene and again at the police station. All of this caused Uhl to form the opinion that Andriot, who admitted that he had consumed four "ponies" (eight-ounce bottles) of beer after having worked a full shift as a postal delivery person, was under the influence of alcohol to the degree that his ability to operate his car had been impaired. However, analysis of a sample of Andriot's breath indicated the level of alcohol in his system to be ".098," slightly less than the concentration prohibited by R.C. 4511.19.
Andriot's counsel sought to develop, through cross-examination of Officer Uhl, the sole witness in the case, Andriot's defense that his condition was not the result of consumption of alcohol, but was attributable to total exhaustion from his work and stress from an impending divorce, with attendant loss of sleep.
To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a finding of guilt is a question of law. State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.
The weight of the evidence concerns the inclination of the greater amount of credible evidence offered at trial to support one side of the issue rather than the other. Weight is not a question of mathematics, but depends on the effect of the evidence in inducing belief. State v. Thompkins, supra; State v.Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. A reviewing court may not reverse a conviction where the record, as it does here, demonstrates that a finding of guilt is founded on legally sufficient evidence that is entitled to be given weight and credit. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212.
Because the court did not err in overruling Andriot's motions for acquittal as a matter of law and because it did not err in assessing the credibility of the testimony and evidence, the first and the second assignments of error are not well taken and are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., PAINTER and SHANNON, JJ.
Judge Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.